UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

REGINALD L. HOLLEY :
: PRISONER
V. : Case No. 3:14-cv-1041 (RNC)
:
WARDEN JON BRIGHTHAUPT :

RULING AND ORDER

Petitioner Reginald L. Holley, a Connecticut inmate, brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition on the grounds that the claims are not exhausted and the petition is time-barred. For the reasons that follow, the motion is granted.

I. Procedural Background

On May 24, 2011, petitioner was sentenced to several concurrent sentences resulting in a total effective term of imprisonment of twenty years, execution suspended after twelve years, plus five years of probation. The sentence resulted from guilty pleas entered in three cases on charges of home invasion, assault in the first degree with a firearm, assault in the second degree with the intent to cause physical injury and assault in the first degree with intent to cause serious physical injury. Petitioner did not appeal.

On February 24, 2014, petitioner commenced a state habeas action, Holley v. Warden, State Prison, No. TSR-CV14-4006009-S. In the state action, he raises the same claims he includes in his federal petition. See ECF No. 8, Attachment 2.

II. Standard of Review

A federal court may entertain a petition for habeas corpus challenging a state court conviction if the petitioner claims that his custody violates the Constitution or federal laws. 28 U.S.C. § 2254(a). Before filing a habeas petition in federal court, a state prisoner must exhaust state court remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is satisfied by presenting the factual and legal bases for the federal claims to the highest court of the state, either through direct or collateral review. See O'Sullivan, 526 U.S. at 845; Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir. 2005).

In addition, a one-year statute of limitations applies to a federal habeas petition challenging a state court conviction. See 28 U.S.C. § 2244(d)(1). The limitation period begins to run on the completion of direct appeal or the conclusion of the time within which an appeal could have been filed. It may be tolled for the period during which a properly filed state habeas petition is pending. See 28 U.S.C. § 2244; Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001).

A petitioner can overcome this time bar by demonstrating that the limitation period should be equitably tolled. But

equitable tolling is rarely available in habeas cases. The petitioner must show that he pursued his rights diligently and extraordinary circumstances prevented him from timely filing his petition. Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005).

III. Discussion

At the time he committed the crimes underlying his sentence, petitioner was a juvenile. He states that in response to a series of Supreme Court cases, the Connecticut Sentencing Commission has recommended that the legislature create a procedure permitting a juvenile sentenced to a lengthy prison term to obtain release on parole by demonstrating maturity and rehabilitation. See ECF No. 1, at 4 ¶¶ 8-9 (citing Miller v. Alabama, 567 U.S. ___, 132 S. Ct. 2455, 183 L.Ed.2d 407 (2012); Graham v. Florida, 560 U.S. 48, 130 S. Ct. 2011, 176 L.Ed.2d 825 (2010); Roper v. Simmons, 543 U.S. 551, 125 S. Ct. 1183, 161 L.Ed.2d 1 (2005)). Although the Connecticut House of Representatives passed such a bill in 2013, the legislative session concluded before a Senate vote. Petitioner argues that the state legislature is delaying action on the bill to his detriment. He contends that he now is mature and has been rehabilitated. He acknowledges that he has commenced a state habeas action, and has also filed a motion for re-sentencing in state court. Even so, he asks this Court to re-sentence him to

render him eligible for consideration of immediate release by the parole board. ECF No. 1, at 12.

A. Exhaustion of State Court Remedies

Respondent argues that the claims are not exhausted because petitioner has a pending state habeas action asserting the same challenge to his sentence. Petitioner concedes that he has filed a state habeas action containing the same claims. He contends, however, that he should not be required to exhaust his state court remedies because exhaustion is futile: he expects that the state court will conclude that he is not entitled to relief under the Constitution. He also argues that waiting for the state court's decision will unjustly delay his release.

Petitioner's first argument is unavailing. No case law supports the proposition that a federal petitioner need not exhaust state court remedies simply because he anticipates that the state courts will find no constitutional infirmity in his confinement. The very purpose of the exhaustion requirement is to ensure that state courts have an opportunity to address federal constitutional claims.

Petitioner's second argument fares no better. "[A]n inordinate and unjustified delay in the state corrective process" may warrant consideration of a state prisoner's habeas petition notwithstanding the prisoner's failure to exhaust his claims in state court. United States ex rel. Goodman v. Kehl, 456 F.2d

863, 869 (2d Cir. 1972). But when a state collateral proceeding (as opposed to a direct appeal) is in issue, the delay must be unusually lengthy to relieve the prisoner of the need to exhaust. See, e.g., Story v. Kindt, 26 F.3d 402, 405-06 (3d Cir. 1994) (excusing exhaustion where prisoner encountered eleven-year delay in deciding state collateral proceeding); Cristin v. Brennan, 281 F.3d 404, 411 (3d Cir. 2002) (holding that twenty-seven month delay in state postconviction proceeding did not excuse exhaustion). Petitioner filed his state habeas petition six months ago. This delay is not unreasonable. The motion to dismiss is therefore granted on the ground that petitioner has not exhausted state court remedies.

When a state prisoner's federal habeas petition includes both exhausted and unexhausted claims, the court may in limited circumstances stay the proceeding pending completion of state court review. See Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L.Ed.2d 440 (2005). Here, however, the petition includes only unexhausted claims. Accordingly, a stay is not warranted.

B. Statute of Limitations

Respondent also argues that the petition is time-barred. As explained above, petitioner was required to file his federal habeas petition within one year of the date on which his conviction became final either by completion of direct appeal or

conclusion of the time within which an appeal could have been filed. See 28 U.S.C. § 2244. Petitioner was sentenced on May 24, 2011. He did not appeal his conviction. Thus, the limitation period commenced on June 13, 2011, twenty days after he was sentenced. See Conn. Practice Book § 63-1(a) ("Unless a different time period is provided by statute, an appeal must be filed within twenty days of the date notice of the judgment or decision is given."). The limitation period expired one year later, on June 13, 2012. Petitioner did not file his federal petition until July 21, 2014, more than two years after the limitation period expired.[1]

This petition would be timely only if equitable tolling applies. Tolling is appropriate only if the petitioner can show that extraordinary circumstances prevented him from timely filing his petition. See Pace, 544 U.S. at 418. Petitioner does not allege any facts suggesting the existence of extraordinary circumstances, so tolling does not appear to be warranted. But because he has not addressed this issue, the petition will not be dismissed as time-barred. In the event petitioner files another federal petition after exhausting his state court remedies, he will have an opportunity to demonstrate in that petition

[1]A properly filed application for state postconviction review tolls the statute of limitations, but the petitioner did not file his state petition until February 24, 2014- about twenty months after the limitation period expired.

extraordinary circumstances warranting equitable tolling.

C. Motion for Default Judgment

On August 1, 2014, the Court issued an order directing respondent to show why the relief prayed for in the petition should not be granted and directing respondent to address petitioner's claim that he is prevented from obtaining relief in state court. Respondent filed this motion to dismiss on September 12, 2014. In response, petitioner contends that respondent has failed to comply with the Court's order and moves for entry of a default judgment. This motion must be denied.

First, petitioner's motion for a default judgment is premature. Federal Rule of Civil Procedure 55 provides a two-step process for obtaining a default judgment. The first step is to obtain a default. Once a default has entered, the plaintiff may move for entry of default judgment. See New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005). No default has entered in this case.

Second, and more fundamentally, respondent has complied with the Court's order. Respondent contends that petitioner can obtain state court review of his challenge to his sentence through the petition for writ of habeas corpus filed in state court. Alternatively, it argues, petitioner can obtain review of his sentence through his motion for sentence review. These arguments appropriately address the issues identified in the

Court's order. Accordingly, the motion for default judgment is denied.

IV. Conclusion

Petitioner's motion for default judgment [ECF No. 12] is denied. Respondent's motion to dismiss [ECF No. 8] is granted on the ground that petitioner failed to exhaust state court remedies before commencing this action.

Reasonable jurists would not find it debatable that the petitioner has failed to exhaust his state court remedies. Accordingly, an appeal of this order would not be taken in good faith and a certificate of appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000).

The Clerk will enter judgment dismissing the action. Petitioner may refile a federal habeas corpus action after he exhausts his state court remedies. Any new petition must demonstrate why the petition is not time-barred.

So ordered this 17th day of December 2014.

/s/
Robert N. Chatigny
United States District Judge